## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| **LARRY L. ELLISOR, on behalf of himself and all similarly situated persons,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | No.: 2:17-cv-00144-MHT-SRW |
| **PTS OF AMERICA, LLC, and DOES 1 to 100,** | ) ) ) | |
| **Defendant.** | ) ) | |

## DEFENDANT'S SUPPLEMENTAL RESPONSES
## AND OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION

Defendant PTS of AMERICA, LLC ("Defendant," "PTS"), by and through counsel, pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, supplements its response to Plaintiff's first requests for production as follows:

## INTRODUCTION

These responses are made solely for the purpose of this action. This Defendant has not yet completed its investigation of the facts relating to this action and has not yet completed its preparation for trial. The following responses are thus given without prejudice to this Defendant's right to produce subsequently discovered material.

This Defendant specifically reserves the right to supplement its responses and production of documents pursuant to applicable Rules of Civil Procedure and Local Rules of Court.

By this production, Defendant does not admit the relevance of any document that is produced. No admission of any nature whatsoever is to be implied or inferred from these responses and/or documents.

This Defendant specifically reserves its right to assert privilege for any privileged document that is inadvertently produced in response to this discovery. In the event such documents are inadvertently produced, the inadvertent production by this Defendant of a document containing attorney-client communication, attorney work-product or otherwise privileged information shall not constitute a waiver of privilege and such document or documents shall be returned to this Defendant immediately upon such request. Included in this reservation are not only documents promulgated by this Defendant but also any documents produced by this Defendant that may have been promulgated by others.

*The remainder of this page was intentionally left blank.*

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS relating to Plaintiff's transportation, as described in the Complaint,

including:

a)   All DOCUMENTS reflecting dates of transportation;
b)   All DOCUMENTS reflecting times of transportation;
c)   All DOCUMENTS reflecting the locations of pick-up;
d)   All DOCUMENTS reflecting the location of drop-off;
e)   All DOCUMENTS reflecting the identities of YOUR agents involved in the transportation;
f)   All DOCUMENTS reflecting the types of vehicles in which Plaintiff was transported;
g)   All DOCUMENTS reflecting the routes travelled;
h)   All DOCUMENTS reflecting whether extradition agents checked Plaintiff's restraints during transportation; and
i)   All DOCUMENTS reflecting meals provided to Plaintiff.

RESPONSE:

PTS objects to providing documents containing confidential business information, such as the names of inmates transported, and personnel information, such as the identities of the agents, prior to the Court's entry of a protective order covering such documents.

PTS further objects to the Plaintiff's description in his Amended Complaint of his transportation. Plaintiff's description is inaccurate, and PTS does not accept Plaintiff's description.

Subject to and without waiving the foregoing objection, after the Court has entered the above-described protective order, PTS will provide documents relating to Plaintiff's transportation.

**SUPPLEMENT 02/13/18**

**Please see the attached documents and specifically PTS 001492, PTS 002036 - PTS 002050.**

**REQUEST FOR PRODUCTION NO. 2:**

YOUR insurance policies providing insurance coverage to YOU and YOUR agents and employees for injuries alleged by Plaintiff.

RESPONSE:

PTS objects to providing insurance documents prior to the Court's entry of a protective order covering such documents.

PTS further objects to the premise that Plaintiff suffered any injuries for which he would be entitled to any relief.

Subject to and without waiving the foregoing objection, after the Court has entered the above-described protective order, PTS will provide the insurance policies referred to in PTS's supplemental disclosures related to Rule 26(a)(1)(A)(IV).

**SUPPLEMENT 02/13/18**

**Please see documents Bates stamped PTS 002051 - PTS 002141. Please note these were previously produced, but not Bates stamped. Please refer to the Bates stamped copies for future reference.**

REQUEST FOR PRODUCTION NO. 3:

All contracts between YOU and any public entity operating any facility from which Plaintiff was picked up, at which Plaintiff was housed, and to which Plaintiff was delivered.

RESPONSE:

PTS objects to providing confidential commercial documents prior to the Court's entry of a protective order that would cover such information.

Subject to and without waiving the foregoing objection, after the Court has entered the above-described protective order, PTS will provide documents reflecting its currently existing contract with the facility in Charleston, Missouri, where Plaintiff was housed for several nights. PTS does not maintain contracts with the facility at which Plaintiff was picked up, the facility to which Plaintiff was delivered, or the other facility at which Plaintiff was housed.

**REQUEST FOR PRODUCTION NO. 4:**

The personnel files for each of YOUR agents or employees involved in the transportation of Plaintiff, as described in the Complaint.

 RESPONSE:

PTS further objects to the Plaintiff's description of his transportation in the Amended Complaint. Plaintiff's description is inaccurate. No documents have been withheld on the basis of this objection.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002142 - PTS 0022303.**

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS relating to YOUR agents checking transportees/inmates' restraints during transports.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited to a reasonable time period. As a compromise PTS will produce its current policies.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

REQUEST FOR PRODUCTION NO. 6:

All DOCUMENTS related to written transportee/inmate complaints about transportation, including restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited to a reasonable time period.

PTS further objects to this request as unreasonably overbroad because it is not limited to transportation provided by PTS.

PTS responds, subject to and without waiving the foregoing and following objections, that PTS does not maintain copies of "written transportee/inmate complaints about transportation."

PTS further objects to this request as unreasonably burdensome, as documents related to "written transportee/inmate complaints about transportation" would include and would be limited to, if they exist, emails related to "written transportee/inmate complaints." Searching those electronic files would require PTS to hire a third-party vendor to conduct the searches. The expense of doing so would place a significant burden PTS and may materially impair PTS's day-to-day operations, depending on when the searches would be conducted and how intrusive the searches would be with respect to PTS's computer system. Moreover, the likely benefit of searching the electronic files is small, as the number of emails relating to written inmate complaints is expected to be few. For example, PTS received no such complaint from Plaintiff until this lawsuit was filed.

REQUEST FOR PRODUCTION NO. 7:

All DOCUMENTS related to oral transportee/inmate complaints about transportation, including restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited to a reasonable time period.

PTS further objects to this request as unreasonably overbroad because it is not limited to transportation provided by PTS.

PTS further objects to this request as unreasonably burdensome, as documents related to "oral transportee/inmate complaints about transportation" would include and would be limited to, if they exist, emails related to "oral transportee/inmate complaints." Searching those electronic files would require PTS to hire a third-party vendor to conduct the searches. The expense of doing so would place a significant burden PTS and may materially impair PTS's day-to-day operations, depending on when the searches would be conducted and how intrusive the searches would be with respect to PTS's computer system. Moreover, the likely benefit of searching the electronic files is small, as the number of emails relating to oral inmate complaints is expected to be few.

REQUEST FOR PRODUCTION NO. 8:

All photographs of transportees/inmates subjected to restraints, including photographs reflecting:

a)   bruising;
b)   swelling;
c)   rashes;
d)   abrasions; and/or
e)   skin rubbed raw.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited to a reasonable time period.

PTS further objects to this request as unreasonably overbroad because it is not limited to transportation provided by PTS.

Subject to and without waiving the foregoing objection, PTS responds that it has no photographs of inmates who were transported with Plaintiff.

REQUEST FOR PRODUCTION NO. 9:

All DOCUMENTS prepared by YOUR agents relating to transportee/inmate complaints about transportation and/or restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period.

PTS further objects to this request as unreasonably cumulative or duplicative of Request Nos. 6 and 7.

PTS further objects to this request as unreasonably burdensome, as documents related to "transportee/inmate complaints about transportation" would include and would be limited to, if they exist, emails related to "transportee/inmate complaints." Searching those electronic files would require PTS to hire a third-party vendor to conduct the searches. The expense of doing so would place a significant burden PTS and may materially impair PTS's day-to-day operations, depending on when the searches would be conducted and how intrusive the searches would be with respect to PTS's computer system. Moreover,

the likely benefit of searching the electronic files is small, as the number of emails relating to inmate complaints is expected to be few.

<u>REQUEST FOR PRODUCTION NO. 10:</u>

All DOCUMENTS prepared by YOUR agents relating to transportee/inmate complaints about transportation and/or restraints.

<u>RESPONSE:</u>

This request is a verbatim copy of the previous request. PTS incorporates its response to the previous request.

<u>REQUEST FOR PRODUCTION NO. 11:</u>

All DOCUMENTS indicating that YOUR management was aware of transportee/inmate injuries resulting from conditions of transportation, including:

 a) bruising;
 b) swelling;
 c) rashes;
 d) abrasions; and/or
 e) skin rubbed raw.

<u>RESPONSE:</u>

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period.

PTS further objects to this request as unreasonably vague because it does not limit the inquiry to transportation provided by PTS.

PTS further objects to this request as unreasonably cumulative and duplicative of Request Nos. 6, 7, 8, 9 and 10.

PTS further objects to this request as unreasonably burdensome, as documents related to "transportee/inmate injuries" would include and would be limited to, if they exist, emails related to "transportee/inmate injuries." Searching those electronic files would require PTS to hire a third-party vendor to conduct the searches. The expense of doing so would place a significant burden PTS and may materially impair PTS's day-to-day operations, depending on when the searches would be conducted and how intrusive the searches would be with respect to PTS's computer system. Moreover, the likely benefit of

searching the electronic files is small, as the number of emails relating to transportee/inmate injuries is expected to be few.

## REQUEST FOR PRODUCTION NO. 12:

All DOCUMENTS relating to YOUR written policies regarding transportee/inmate restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

## SUPPLEMENT 02/13/18

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

## REQUEST FOR PRODUCTION NO. 13:

All DOCUMENTS relating to YOUR written policies regarding restraining transportees/inmates.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

PTS further objects to this request as unreasonably cumulative and duplicative of Request No. 12.

## SUPPLEMENT 02/13/18

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS relating to YOUR written policies regarding any duty to check transportees/inmates' restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

PTS further objects to this request as unreasonably cumulative and duplicative of Request Nos. 12 and 13.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS related to YOUR written policies regarding transportee/inmate complaints about restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

PTS further objects to this request as unreasonably cumulative and duplicative of Request Nos. 12, 13, and 14.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS related to YOUR written policies regarding modification of transportee/inmate restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

PTS further objects to this request as unreasonably vague because the term "modification" is not defined explicitly or by context and could refer to any number of changes to restraints respecting, for example, design, materials, fit, size, brand, cost, or other matters unrelated to PTS placing restraints on inmates in accordance with Interstate Transportation of Dangerous Criminals Act of 2000, 42 U.S.C. § 13726 *et seq.* and the accompanying regulations. PTS therefore cannot meaningfully respond to this request, as drafted. But in an effort to cooperate, PTS will produce documents responsive to a reading of the term "modification" to mean PTS's printed restraint policy and restraint training material, which is what I think is sought and what is meant. If Mr. Ellisor means something else by the term "modification," PTS does not immediately understand his meaning, do not know what to search for.

PTS further objects to this request as unreasonably cumulative and duplicative of Request Nos. 12, 13, 14, and 15.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

REQUEST FOR PRODUCTION NO. 17:

All DOCUMENTS related to medical personnel who assessed requests to modify transportee/inmate restraints.

RESPONSE:

PTS objects to this request as vague because the terms "medical personnel," "assessed," and "modify" are not defined explicitly or by context and are not terms of art in the industry. PTS therefore cannot meaningfully respond to this request.

PTS further objects to this request as unreasonably overbroad because it is not limited by a reasonable time period.

PTS further objects to this request as unreasonably overbroad because it does not limit the inquiry to transportation provided by PTS.

PTS further objects to this request as unreasonably vague because the term "modify" is not defined explicitly or by context and could refer to any number of changes to restraints respecting, for example, design, materials, fit, size, brand, cost, or other matters unrelated to PTS placing restraints on inmates in accordance with Interstate Transportation of Dangerous Criminals Act of 2000, 42 U.S.C. § 13726 *et seq.* and the accompanying regulations. PTS therefore cannot meaningfully respond to this request.

REQUEST FOR PRODUCTION NO. 18:

All DOCUMENTS indicating that YOU provided medical treatment to transportees/inmates for injuries during transportation, including injuries from restraints.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period.

PTS further objects to this request as unreasonably burdensome, as documents related to providing "medical treatment to transportees/inmates" would include and would be limited to, if they exist, emails related to providing "medical treatment to transportees/inmates." Searching those electronic files would require PTS to hire a third-party vendor to conduct the searches. The expense of doing so would place a significant burden PTS and may materially impair PTS's day-to-day operations, depending on when the searches would be conducted and how intrusive the searches would be with respect to PTS's computer system. Moreover, the likely benefit of searching the electronic files is small, as the number of emails relating to transportee/inmate injuries is expected to be few.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS used by YOU in the hiring process of new employees who transported transportees/ inmates.

RESPONSE:

PTS further objects to this request as unreasonably overbroad because it is not limited to a reasonable time period. As a compromise, PTS will produce its current document responsive to this request.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS used by YOUR to train YOUR employees who transported transportees/inmates, including training manuals, PowerPoint presentations, and testing materials.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS related to the size of vehicles used by YOU for transportation of transportees/inmates, including drawings, specifications, and photographs.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise, PTS will produce a master list of its current insured vehicles.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 003476 – PTS 003486.**

**REQUEST FOR PRODUCTION NO. 22:**

All DOCUMENTS related to policies and procedures for transporting transportees/inmates with special medical needs.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

PTS further objects to this request as unreasonably overbroad because it is not limited to transportation provided by PTS.

**SUPPLEMENT 02/13/18**

**Please see documents Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS related to policies and procedures for use of force on transportees/inmates being transported.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

PTS further objects to this request as unreasonably overbroad because it is not limited to transportation provided by PTS.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 24:**

All DOCUMENTS related to policies and procedures for investigating complaints of transportees/ inmates' alleged abuse.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. As a compromise PTS will produce its current policies.

PTS further objects to this request as unreasonably overbroad because it is not limited to transportation provided by PTS.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

REQUEST FOR PRODUCTION NO. 25:

YOUR stockholder reports for the five years preceding the filing of this action.

RESPONSE:

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. The five years preceding the filing of this action are not relevant to Plaintiff's transportation, which occurred in February 2017. Moreover, the statutes of limitations that would apply to any putative class members will vary. Some putative class members' claims could be barred by one-year statutes; others could be barred by two-year statutes. The Amended Complaint itself recognizes that a two-year statute would apply. Amended Complaint, Doc. 25, ¶ 31. Five years preceding the filing of the action is far beyond such statutes of limitations.

PTS further objects because PTS's finances for the "five years preceding the filing of this action" are not relevant to Plaintiff's claim, which does not relate in any way to financial matters.

To the extent that the term refers to financial information, PTS further objects to providing documents reflecting confidential business information, including PTS's financial information, prior to the Court's entry of a protective order covering such information.

To the extent that the term refers to reports that would be prepared and distributed by a public company, PTS has no such documents.

**REQUEST FOR PRODUCTION NO. 26:**

YOUR employee handbook(s) in effect for the five years preceding the filing of this action to present.

RESPONSE:

PTS objects this request as unreasonably overbroad because it is not limited to a reasonable time period. Plaintiff was transported in February 2017. The preceding five years are not relevant to his claim. Moreover, the statutes of limitations that would apply to any putative class members will vary. Some putative class members' claims could be barred by one-year statutes; others could be barred by two-year statutes. The Amended Complaint itself recognizes that a two-year statute would apply. Amended Complaint, Doc. 25, ¶ 31. Five years preceding the filing of the action is far beyond such statutes of limitations. As a compromise, PTS will produce its current employee handbook.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 27:**

All DOCUMENTS related to the overnight housing of inmates who remained in YOUR custody for more than 48 hours for the five years preceding the filing of this action to present.

RESPONSE:

PTS objects this request as unreasonably overbroad because it is not limited to a reasonable time period. Plaintiff was transported in February 2017. The preceding five

years are not relevant to his claim. Moreover, the statutes of limitations that would apply to any putative class members will vary. Some putative class members' claims could be barred by one-year statutes; others could be barred by two-year statutes. The Amended Complaint itself recognizes that a two-year statute would apply. Amended Complaint, Doc. 25, ¶ 31. Five years preceding the filing of the action is far beyond such statutes of limitations.

PTS further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). PTS does not retain electronic records in a fashion that is conducive to identifying inmates who were transported for particular lengths of time. The burden of identifying inmates who were transported for more than 48 hours far outweighs its likely benefit, as identifying the inmates in that fashion would require manually inspecting documents with respect to each of the 12,000 inmates transported per year (using 2016 as an example) and manually calculating the time that each inmate was transported en route to his or her final destination.

As PTS responded to Request No. 3, PTS will provide documents relating to PTS's contract with the facility in Charleston, Missouri.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 002304 – PTS 003475.**

**REQUEST FOR PRODUCTION NO. 28:**

For each person YOU transported from March 10, 2013, to present, DOCUMENTS

showing:

    a)    The name of each person;
    b)    The identifying information of each person (e.g., social security number, jail/prison identification number, etc.);
    c)    The last known contact information of each person (e.g., address, telephone number, etc.);
    d)    The dates of transportation;
    e)    The distance of transportation;
    f)    The locations at which each person was picked-up; and
    g)    The locations at which each person was dropped-off.

RESPONSE:

PTS objects to this request on relevance grounds because the names of and personal information for the inmates transported by PTS are not relevant to Plaintiff's claim, which is limited exclusively to the conditions of transport, not the identities of inmates transported.

PTS objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. The years 2013 to the present are not all relevant to Plaintiff's claim, as Plaintiff was transported by PTS in 2017. The statutes of limitations that would apply to any putative class members will vary. Some putative class members' claims could be barred by one-year statutes; others could be barred by two-year statutes. The Amended Complaint itself recognizes that a two-year statute would apply. Amended Complaint, Doc. 25, ¶ 31. March 2013 is two years beyond a two-year statute of limitations and three years beyond a one-year statute of limitations.

PTS further objects to this request because it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). PTS does not retain electronic records in a fashion that is conducive to identifying all of the data points sought in this request. The burden of identifying documents reflecting all of the categories listed in this request is undue. Producing such documents would require PTS to dedicate resources to manually search for each of the approximately 12,000 inmates transported per year (using the year 2016 as an example) in PTS's records and then manually pull the transportation records relative to each inmate. Even identifying the names of those approximately 12,000 inmates per year is unreasonably burdensome. Identifying the names of all inmates transported in a given month is a task that cannot be performed during business hours as running search for all inmates transported in a given month renders PTS's employees' computers inoperable. Moreover, running that search consumes employees' time that otherwise would be spent on operations matters. PTS does not have an IT department, a fact that represents an additional burden on PTS with respect to running sophisticated searches on its computer systems that return large volumes of data.

**SUPPLEMENT 02/13/18**

**Please see documents marked "confidential" under the protective order entered by the court, (ECF Doc. 47), Bates stamped PTS 000001 – PTS 002035.**

REQUEST FOR PRODUCTION NO. 29:

All complaints/grievances submitted against YOU from March 10, 2013, to present.

RESPONSE:

PTS objects to this request as overbroad because it is not limited by a reasonable time period. The years 2013 to the present are not all relevant to Plaintiff's claim, as Plaintiff was transported by PTS in 2017. The statutes of limitations that would apply to any putative class members will vary. Some putative class members' claims could be barred by one-year statutes; others could be barred by two-year statutes. The Amended Complaint itself recognizes that a two-year statute would apply. Amended Complaint, Doc. 25, ¶ 31. March 2013 is two years beyond a two-year statute of limitations and three years beyond a one-year statute of limitations.

PTS further objects to this request as ambiguous because the term "complaints/grievances" is used to describe a document, but "complaints/grievances" could be conveyed in written or oral form. PTS therefore cannot meaningfully respond to this request.

PTS further objects to this request as unreasonably cumulative or duplicative of Request Nos. 6, 7, 9, and 10.

PTS further objects to this request as unreasonably burdensome, as documents related to "complaints/grievances" would include and would be limited to, if they exist, emails related to "complaints/grievances." Searching those electronic files would require PTS to hire a third-party vendor to conduct the searches. The expense of doing so would place a significant burden PTS and may materially impair PTS's day-to-day operations, depending on when the searches would be conducted and how intrusive the searches would be with respect to PTS's computer system. Moreover, the likely benefit of searching the electronic files is small, as the number of emails relating to "complaints/grievances" is expected to be few.


REQUEST FOR PRODUCTION NO. 30:

All lawsuits filed against YOU from March 10, 2013, to present.

RESPONSE:

PTS objects to this request because the term "lawsuits" is used to describe a document. A lawsuit is not a document. PTS therefore cannot meaningfully respond to this request.

PTS further objects to this request as unreasonably overbroad because it is not limited by a reasonable time period. The years 2013 to the present are not all relevant to Plaintiff's claim, as Plaintiff was transported by PTS in 2017. The statutes of limitations that would apply to any putative class members will vary. Some putative class members' claims could be barred by one-year statutes; others could be barred by two-year statutes. The Amended Complaint itself recognizes that a two-year statute would apply. Amended Complaint, Doc. 25, ¶ 31. March 2013 is two years beyond a two-year statute of limitations and three years beyond a one-year statute of limitations.

19

PTS further objects to this request because neither past nor pending lawsuits are relevant to Plaintiff's claim, which turns on whether his constitutional rights were violated, not the status or outcome of any other lawsuit.

Respectfully submitted,

**LEWIS, THOMASON, KING, KRIEG & WALDROP, P.C.**


By: /s/ Daniel W. Olivas
    R. Dale Bay
    Daniel W. Olivas
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN  37219
    dbay@lewisthomason.com
    dolivas@lewisthomason.com
    (615) 259-1366

    and

    E. Martin Bloom
    AUSTILL LEWIS PIPKIN & MADDOX
    600 Century Park S. Suite 100
    Birmingham, AL 35226
    mbloom@maplaw.com
    (205) 314-1031

    *Attorneys for PTS of America, LLC*

## CERTIFICATE OF SERVICE

I certify that, on February 13, 2018, I served all counsel of record with the foregoing document in the United States District Court for the Middle District of Alabama in case entitled *Ellisor v. PTS of America, LLC, et al.*, No. 2:17-cv-144, via the CM/ECF system.

Derek Evan Yarbrough
MOTLEY, MOTLEY & YARBROUGH, LLC
117 East Main Street
Dothan, Alabama 36301
motley@graceba.net | 334.793.0051

Dustin Judd Fowler
Stephen T. Etheredge
BUNTIN, ETHEREDGE & DOWLING, LLC
185 North Oates Street
Dothan, Alabama 36301
dustinjfowler@hotmail.com | 334.793.3377
setheredge@graceba.net | 334.793.3377

Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
mark@markmerin.com | 916.447.8336

/s/ Daniel W. Olivas