**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **LARRY L. ELLISOR, on behalf of himself and all similarly situated persons,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 2:17-cv-144** |
| **PTS OF AMERICA, LLC,** | ) ) | |
| **Defendant.** | ) ) ) | |

---

**DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

---

Defendant PTS of America, LLC, moves the Court under Federal Rule of Civil Procedure 12(c) to dismiss three claims brought by Plaintiff Larry L. Ellisor: (1) Ellisor's claim based on an alleged violation of his Fourth Amendment rights; (2) Ellisor's claim based on an alleged violation of his Eighth Amendment rights; and (3) Ellisor's claim for injunctive relief. PTS sets out the grounds for this motion in the paragraphs below and, in a contemporaneously filed Memorandum in Support further explains the facts and legal authorities underlying those grounds.

## SUMMARY OF GROUNDS

1.      In his lawsuit brought under 42 U.S.C. § 1983, Ellisor alleges that he was a pre-trial detainee when he was extradited from San Antonio, Texas, to Andalusia, Alabama, in February 2017. Amendment to Complaint ("Complaint"), Doc. 25, ¶ 16. Ellisor contends that the conditions of transportation amounted to violations of his Fourth Amendment rights, Eighth Amendment rights, and Fourteenth Amendment rights. *Id.* ¶ 48. Ellisor seeks both damages and injunctive relief. *Id.* at 10.

2.      Ellisor cannot sustain claims under the Fourth Amendment or the Eighth Amendment, as those constitutional provisions are inapplicable as a matter of law to Ellisor's allegations, which focus exclusively on the conditions of his confinement as a pre-trial detainee. The Court therefore should dismiss any claim based on the Fourth Amendment or the Eighth Amendment.

3.      Ellisor also does not have standing to pursue injunctive relief because he cannot show a real and immediate threat of *future* injury. Accordingly, the Court should dismiss any claim for injunctive relief.

## GROUNDS

### I.      As a Matter of Law, Ellisor Cannot Sustain a Claim Under the Fourth Amendment

4.      The Fourth Amendment protects "against unreasonable searches and seizures," U.S. Const. amend. IV, and Ellisor does not challenge the reasonableness of any search or seizure or allege any facts related to his arrest. Ellisor alleges that he was "a pretrial detainee" and that PTS violated his right "to be free from unlawful conditions of confinement and cruel and unusual punishment." Complaint, Doc. 25, ¶¶ 16, 48.

5.      The Fourth Amendment therefore has no application to Ellisor's allegations. The Eleventh Circuit has explained that "[c]laims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996); *see also Cotney v. Bowers*, No. 2:03-cv-1181, 2006 U.S. Dist. LEXIS 69523, at *13 (M.D. Ala. Sep. 26, 2006) (Watkins, J.) (relying on *Cottrell* and granting summary judgment to defendant on plaintiff's Fourth Amendment claim "arising from his mistreatment as a pretrial detainee").

6.      As a matter of law, Ellisor has no claim based on the Fourth Amendment. The Court should dismiss Ellisor's claim relying on the Fourth Amendment.

### II.      As a Matter of Law, Ellisor Cannot Sustain a Claim Under the Eighth Amendment

**7.** The Eighth Amendment prevents "cruel and unusual punishments" following a formal adjudication of guilt. U.S. Const. amend. VIII; *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1572 (11th Cir. 1985) ("The eighth amendment . . . applies only to confinement that occurs subsequent to and as a consequence of a person's lawful conviction of a crime.").

**8.** As noted above, Ellisor was a pre-trial detainee and was not subject to a sentence of punishment. Accordingly, as a matter of law, Ellisor has no claim for any alleged violations of the Eighth Amendment.

### III. As a Matter of Law, Plaintiff Does Not Have Standing to Pursue Injunctive Relief

**9.** "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate—as opposed to a merely conjectural or hypothetical—threat of *future* injury." *Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994); *see also Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983) (holding that plaintiff must show that "he [i]s likely to suffer future injury" as result of challenged conduct (quotation marks omitted)).

**10.** The Eleventh Circuit has explained that, "[l]ogically, a prospective remedy will provide no relief for an injury that is, and likely will remain, entirely in the past." *Church*, 30 F.3d at 1337 (quotation marks omitted).

**11.** Although Ellisor has alleged no facts to show that he faces a "threat of *future* injury," rather than an alleged injury that remains exclusively and "entirely in the past," Ellisor seeks "declaratory and injunctive relief declaring illegal and enjoining, preliminarily and permanently," PTS's "policies, customs, or practices of transporting detainees and prisoners under the conditions described herein." Complaint, Doc. 25, at 10, ¶ 1.

**12.** The purpose of an injunction is to prevent a specific harm to a plaintiff who is likely in the future to suffer that specific harm. *See, e.g.*, *Lyons*, 461 U.S. 95. Ellisor is not likely in the future

3

to experience the allegedly unconstitutional conditions of transportation that he alleges in his Complaint.

13.     Thus, as a matter of law, Ellisor has no standing to seek injunctive relief, and the Court should dismiss any and all claims seeking such relief.

## CONCLUSION

For these reasons, as more fully explained in the contemporaneously filed Memorandum in Support, the Court should GRANT the Motion and dismiss Plaintiff's claims insofar as they rely on the Fourth Amendment or the Eighth Amendment and dismiss any and all claims seeking injunctive relief.

Respectfully submitted on March 6, 2018.

**AUSTILL LEWIS PIPKIN & MADDOX**
By:     /s/ E. Martin Bloom
        E. Martin Bloom
        BPR No. ASB-2430-O59E
        600 Century Park S., Suite 100
        Birmingham, AL  35226
        mbloom@maplaw.com
        (205) 314-1031

**LEWIS, THOMASON,**
**KING, KRIEG & WALDROP, P.C.**
By:     /s/R. Dale Bay
        R. Dale Bay, TN BPR No. 10896
        *(pro hac vice)*
        Daniel Olivas, TN BPR No. 24641
        *(pro hac vice)*
        424 Church Street, Suite 2500
        P.O. Box 198615
        Nashville, TN 37219-8615
        dbay@lewisthomason.com
        dolivas@lewisthomason.com
        (615) 259-1366

        *Attorneys for Defendant PTS of America, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on March 6, 2018, I served all counsel of record with the foregoing document in the United States District Court for the Middle District of Alabama in case entitled *Ellisor v. PTS of America, LLC, et al.,* No. 2:17-cv-144, via the CM/ECF system.

Derek Evan Yarbrough
MOTLEY, MOTLEY & YARBROUGH, LLC
117 East Main Street
Dothan, Alabama 36301
motley@graceba.net | 334.793.0051

Dustin Judd Fowler
Stephen T. Etheredge
BUNTIN, ETHEREDGE & DOWLING, LLC
185 North Oates Street
Dothan, Alabama 36301
dustinjfowler@hotmail.com | 334.793.3377
setheredge@graceba.net | 334.793.3377

Mark E. Merin
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
mark@markmerin.com | 916.447.8336

/s/ E. Martin Bloom